IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

3:98CR133-RLV

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ERICK RUYOND WEATHERS | ) | |
| | ) | |

**THIS CAUSE** coming on to be heard, and being heard, on Defendant's *Pro Se* document entitled "Clairfication of Sentence Guidelines", which the Court treats as a motion, the Court, having considered the matter, FINDS as follows:

1. By judgment dated May 11, 1999, Defendant was sentenced in this Court on bank fraud-related charges to serve a federal sentence of thirty-seven months active on Counts 1 and 2 of the Bill of Indictment, to run concurrently as between the two counts. Case 3:98CR133, Doc. 29.

2. It appears that Defendant was sentenced in York County, South Carolina, to serve a sentence of thirty years for armed robbery and was admitted to South Carolina state incarceration beginning June 26, 1997, under a projected release date of September 16, 2012. Case SCDC ID 00241980, SID SC00780575. The information in this paragraph 2, comes from "Inmate Search Detail Report", Weathers, Erick R. (SCDC 00241980).

3. This Court's sentencing judgment (Doc. 29) contained a recommendation to the Federal Bureau of Prisons as follows: "Imposition of sentence is to begin January 1, 2015 or when Defendant is released from sentence in South Carolina, whichever is earlier."

4. Defendant's Motion presents eleven clearly stated questions by which he seeks a determination by this Court or the Federal Bureau of Prisons as to how his federal sentence will play out in relation to his service of the state sentence, now that the date of January 1, 2015, has passed. His questions include a consideration of crediting of federal good time, crediting of twelve months in federal custody from June 1998 to June 1999, and of the impact on the federal hold affecting his custody status in the South Carolina Department of Corrections.

5. The Federal Bureau of Prisons, not this Court, has the responsibility in the first instance to calculate and apply a federal sentence pursuant to a judgment, including consideration of any recommendations made by the sentencing judge. Ordinarily, the questions Defendant asks might not be ripe until closer to the end of his state sentence, but in this case it appears that the recommendation concerning commencement of the federal sentence on January 1, 2015 implicates potentially at least one present day interest. For example, if the federal sentence were calculated as concurrent with a present portion of the state sentence, then the federal hold preventing Defendant from attaining a level one status with the South Carolina Department of Corrections might come off in the near term.

**NOW THEREFORE,** it appearing to the Court that the Defendant's request is reasonable and implicates a substantial federal interest, the Government will be, and is hereby,

**ORDERED TO RESPOND** to Defendant's Motion within 45 days of the filing of this Order.

Signed: April 17, 2018

Richard L. Voorhees
United States District Judge